

# TENENBAUM
# & SAAS P.C.

Attorneys at Law
4504 Walsh Street
Suite 200
Chevy Chase, Maryland 20815
(301) 961-5300
Facsimile (301) 961-5305

Bradshaw Rost
Admitted in
MD, DC, VA, NY, MA and RI
Direct (301) 986-1224
brost@tspclaw.com

**Via ECF**

June 26, 2023

The Honorable Gina L. Simms
United States Magistrate Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    **Khoa Hoang vs. Prince George's County and AWE-AR Iverson Mall, LLC**
            <u>**Case #8:23-CIV-1272: REQUEST FOR PERMISSION TO FILE MOTION**</u>

Dear Judge Simms:

Pursuant to the Case Management Order entered on May 15, 2023 (ECF #4) in the above referenced matter, Defendant AWE-AR Iverson Mall, LLC ("AWE") requests permission to file a Motion to Dismiss Count V of the Complaint filed by the Plaintiff against AWE alleging fraud-in-the inducement.

Plaintiff's Complaint contains five (5) counts, of which the first four counts are pled only against the Defendant Prince George's County ("PG County") and only the 5th Count is pled against AWE alleging a cause of action for fraud-in-the-inducement. The Counts pled against PG County are as follows: Count I (Equal Protection Clause, 42 U.S.C. §1983); Count II (Due Process Claim, 42 U.S.C. §1983); Count III (Article 24 of the Maryland Declaration of Rights); and Count IV (Failure to Train Employees, 42 U.S.C. §1983).

Plaintiff's various causes of action arise under a commercial lease dated May 28, 2018 ("Lease") for commercial space at the retail shopping center formerly owned by AWE and located at the intersection of Branch Avenue (Maryland Route 5) and Iverson Street (Maryland Route 458), known as The Shops at Iverson ("Iverson Mall").

Count V alleges that AWE fraudulently induced Plaintiff to enter into the Lease by failing to disclose to Plaintiff that AWE had not secured a Use and Occupancy Permit ("U&O Permit") for its business at the Iverson Mall from the Prince George's County Department of Permitting, Inspections and Enforcement ("DPIE"), and based upon the allegation that AWE knew that Plaintiff would not be able to secure its own U&O Permit and open for business. With respect to PG County and the alleged constitutional violations, Plaintiff alleges that DPIE employed "an arbitrary and discriminatory policy" of not issuing U&O Permits to "small minority business owners like Mr. Hoang" while granting such U&O Permits to "large business owners". Complaint at ¶27.



Plaintiff's Complaint, however, also alleges that Plaintiff was told by DPIE in September 2019, December 2019, and March 2020, that Plaintiff could not secure a U&O Permit because Iverson Mall did not have a U&O Permit. Therefore, as of those dates Plaintiff was on notice that the alleged statement made by AWE prior to the Lease being executed for purposes of fraudulently inducing Plaintiff to execute the Lease on May 28, 2018, were false.

Having been told on three separate occasions by DPIE that Plaintiff could not obtain a U&O Permit for his business because AWE did not have a U&O Permit for the Iverson Mall Plaintiff was on notice that the pivotal allegation relied upon in support of Plaintiff's fraud-in-the-inducement claim was false. Accordingly, Plaintiff's cause of action accrued as early as September 2019 and no later than March 2020. Thus, the three-year statute of limitations expired as early as August 2022 and no later than February 2023. The Complaint was filed on May 15, 2023, and is therefore time barred and Count V should be dismissed with prejudice.

AWE is desirous of securing as soon as possible a dispositive ruling disposing of the fraud claim. As the Court is aware an allegation of fraud is a most serious allegation and subjects AWE and its owners to the stigmatizing effect and reputational harm that can flow from such a serious allegation of misconduct. These policy goals of Rule 9(b) as articulated by various courts have been summarized by one treatise as follows:

> Some claims – like fraud – may have an *in terrorem* or stigmatizing effect on defendants and their reputations, and are often easily fabricated (because the evidence is frequently circumstantial). The courts expect pleaders to perform a greater pre-complaint investigation in such cases, to ensure that such claim is "responsible and supported, rather than defamatory and extortionate." This practice also allows an early and informed response from the party defending against such accusations, and guards against lawsuits filed in the unsubstantiated hope of discovering an unknown wrong (i.e. to disincentivize a "sue first, ask questions later" strategy. It helps to ensure that only viable claims of fraud or mistake are permitted to proceed to discovery. Thus, requiring that such claims be pleaded with particularly (1) ensures that such defendants have fair notice of the plaintiff's claim, (2) helps safeguard the defendants against spurious accusations and resulting reputational harm, (3) reduces the possibility that a meritless fraud claim can remain in the case, by ensuring that the full and complete factual allegation is not postponed until discovery, and (4) protects against "strike" suits. [citations omitted].

Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK 2021, pg. 368-369 (Thomson Reuters).

Although Plaintiff and AWE have filed their consent for your Honor to hear this case, PG County has yet to appear in this action and therefore has neither consented to or declined having the


case heard by your Honor, or allowing the case to be assigned to a District Judge. For these reasons cited above, AWE respectfully requests permission from the Court to file immediately its Motion to Dismiss in order to secure a ruling on the fraud claim as soon as possible. The statute of limitations defense is dispositive on the issue of whether Count V should be dismissed with prejudice and should provide for a prompt resolution of this fraud claim.

However, in order to preserve all its defenses under Rule 12(b), the motion to dismiss would also seek dismissal on the following alternative grounds:

1. The Complaint should be dismissed for failure to plead fraud-in-the-inducement with the requisite specificity under Fed. R. Civ. P. 9(b).

2. The claim of fraud-in-the-inducement is not plausible under the pleading standards set forth in Fed. R. Civ. P. 8(a).

3. Mr. Hoang is not a party to the subject lease upon which the Complaint is based, and therefore has no standing to bring the instant action.

Undersigned counsel was retained on June 12, 2023, and AWE's responsive pleading was due the next day June 13, 2023. Not having time to thoroughly review the file, and the Case Management Order directing that "the time to file any preliminary motion is tolled until such time that consent [for the case to heard by U.S. Magistrate Judge Simms] is obtained from all parties or the case is assigned to a District Judge", AWE's counsel acted immediately to avoid any default and immediately contacted Plaintiff's counsel and secured his consent to an extension of time until June 27, 2023, to file a responsive pleading. That Consent Motion was filed on June 12, 2023 (ECF #11).

Having now had the time to review the file, pleadings and relevant information, AWE has prepared and is ready to file a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) based upon the grounds for dismissal referenced above. Fed. R. Civ. P 12(b) provides that: "A Motion asserting any defenses must be made before pleading if a responsive pleading is allowed." In view of the Case Management Order directing that the filing of any such motion should be held in abeyance and the waiver consequences set forth in Fed. R. Civ. P. 12(b), AWE understands that the time for filing a responsive pleading to the Complaint is extended until such time that AWE is authorized to file its Motion to Dismiss.

Yours Truly,

*[signature]*

Bradshaw Rost