IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| KHOA HOANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: GLS-23-1272 |
| ) | |
| PRINCE GEORGE'S COUNTY, *et al*, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Khoa Hoang ("Plaintiff")" filed a Complaint against Prince George's County and AWE-AR Iverson Mall, LLC ("Defendant") (ECF No. 1). [1] As is relevant here, Plaintiff advances one cause of action against Defendant: Count V, fraudulent inducement. Specifically, Plaintiff alleges that Defendant induced Plaintiff to execute a commercial lease that imposed daily fees for each day his salon did not open, despite Defendant knowing that Plaintiff would be unable to obtain the necessary permits to operate the salon. (*Id.*, ¶¶ 25, 66-69).

Pending before the Court[2] is "Defendant Awe-AR Iverson Mall, LLC's Motion to Dismiss Count V of Plaintiff's Complaint" (ECF No. 32) ("the Motion"). Plaintiff filed an opposition related thereto ("Opposition"), and Defendant filed its Reply. (ECF Nos. 33, 34). The matter is fully briefed, accordingly no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

---

[1] The Complaint consists of five causes of action. Plaintiff asserts Counts I-IV against Defendant Prince George's County only: Count I: violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C.A. Const.Amend. 14, § 1; Count II: violation of the Due Process Clause of the Fourteenth Amendment; Count III: violation of Article 24 of the Maryland Declaration of Rights; Count IV: violation of 42 U.S.C. § 1983 for failure to train its employees.

[2] This case is before the undersigned for all proceedings with the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF No. 23).

For the reasons set forth below, the Motion is **GRANTED**.

### I. FACTUAL BACKGROUND[3]

Plaintiff is a Chinese immigrant and entrepreneur, who owns a hair and nail salon company in Prince George's County, Maryland. (Complaint, ¶¶ 7, 10). Defendant owned and operated the Shops at Iverson Mall ("the Mall"). (*Id.*, ¶ 9). Count V arises from Defendant's alleged "widespread fraud" "in connection with its leasing activities at the Mall. (*Id.*, ¶ 2).

On May 24, 2018, Plaintiff and Defendant executed a lease, wherein Plaintiff's business is the signatory to the lease, for Plaintiff's third nail and hair salon location ("the Salon"). (*Id.*, ¶¶ 9, 11, 12). Per the terms of the lease agreement, Plaintiff was required to pay a $4,000 monthly rent as well as $250.00 per day until the Salon opened. (*Id.*, ¶ 27). Thereafter, Plaintiff began the process to obtain the necessary permits for the Salon, which involved hiring contractors to develop architectural plans and obtaining DPIE[4] permits to begin construction. (*Id.*, ¶¶ 11, 12). On October 29, 2018, DPIE issued Plaintiff a "New tenant Build-out with use and occupancy" DPIE CUW[5] permit. (*Id.*, ¶ 13).

To lawfully operate The Salon, Plaintiff needed a use and occupancy ("U&O") permit. (*Id.*, ¶ 14). On February 21, 2019, Plaintiff met with DPIE representatives to discuss the necessary steps to obtain a U&O permit. (*Id.*). At the meeting, the DPIE representatives failed to tell Plaintiff that Defendant did not have a U&O permit for the Mall. The DPIE representatives did, however, tell Plaintiff that he needed additional permits before they could inspect and issue Plaintiff a U&O

---

[3] Unless otherwise noted, the facts are taken from the Complaint, ECF No. 1, and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes Plaintiff's version of facts to be true. *See Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019) ("In reviewing a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences from those facts in favor of the plaintiff").
[4] Plaintiff does not define "DPIE" in the Complaint. Rather, Plaintiff alleges that "DPIE is an agency of Defendant Prince George's County that is responsible for, among other things, the administration and enforcement of Defendant PGC's permitting functions." (Complaint, ¶ 8).
[5] Plaintiff does not define "CUW" in the Complaint.

permit. (*Id.*). Thereafter, Plaintiff invested significant time and resources to obtain the additional electrical, mechanical, and structural permits for the Salon, as required by DPIE. (*Id.*, ¶ 15).

On June 24, 2019, DPIE performed the final inspection of the Salon and informed Plaintiff to expect a U&O permit in the next week or so. (*Id.*, ¶ 16). However, Plaintiff did not receive a U&O permit. (*Id.*, ¶ 17). In or around September 2019, Plaintiff followed up with DPIE about the status of the U&O permit. (*Id.*). During which time, Plaintiff learned that the approved U&O permit was not valid because it did not have a date on it. (*Id.*). A DPIE representative also informed Plaintiff that DPIE could not issue U&O permits to tenants at the Mall because Defendant did not have a valid U&O permit. (*Id.*). Thus, according to Plaintiff, Defendant falsely represented that Plaintiff could open the Salon because it knew that it did not have the requisite U&O permit for the Mall. (*Id.*, ¶¶ 64, 65).

In December 2019, Defendant emailed the director of DPIE requesting that DPIE not inform prospective tenants of issues related to the Mall's permit. (*Id.*, ¶ 26). Nevertheless, in December 2019, March 2020, and April 2021, DPIE representatives reiterated that they could not issue Plaintiff the U&O permit because Defendant did not have the necessary permit for the Mall. (*Id.*, ¶¶ 18, 21). Despite these representations by DPIE, a department store opened at the Mall in or around February 2021. (*Id.*, ¶ 19). Plaintiff believes that the department store obtained a temporary U&O, an option that DPIE never informed Plaintiff about. (*Id.*, ¶¶ 20-22). In December 2022, Plaintiff learned that DPIE was selectively granting U&O permits at the Mall when he received discovery responses in another litigation. (*Id.*, ¶¶ 18, 21).

Because Plaintiff was unable to open the Salon, Defendant imposed more than $200,000 in fines against Plaintiff. (*Id.*, ¶ 27). In addition, Plaintiff continued to pay $4,000 a month in rent, totaling $91,000. (*Id.*, ¶¶ 24, 28). Moreover, Plaintiff was not eligible to receive any small business

loans, grants, or other benefits offered by the Small Business Administration for COVID-19 relief. (*Id.*, ¶ 33).

## II. THE LAW

### A. Motion to Dismiss for Failure to State a Claim

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the facts set forth in a complaint. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

When resolving a 12(b)(6) motion, a court accepts as true the **well-pleaded** allegations in a complaint. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (emphasis supplied). When ruling on such a motion, then, a court "does not resolve the contests surrounding the facts [or] the merits of a claim." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Rather, at this stage, a court considers the complaint as a whole and construes the facts advanced as true, viewing them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint must allege sufficient facts to establish each element of a claim asserted. *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013), *aff'd sub nom.*, *Goss v. Bank of Am., N.A.*, 546 F. App'x 165 (4th Cir. 2013). In addition, a complaint must satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a). Namely, a pleading must contain "a short and plain statement of the claim" demonstrating that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Twombly*, 550 U.S. at 555-56 (complaint must set forth enough facts as to suggest a "cognizable cause of action"). In other words, a complaint must do more than formulaically recite "the elements of a cause of action," or must do more than make "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, *supra* at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 258 (4th Cir. 2009). A court "must be able to draw the reasonable inference [from the well-pleaded facts] that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678*.*

When considering a motion to dismiss challenging a plaintiff's standing to bring suit in federal court, "the court determines whether the allegations in the Complaint, taken as true, are sufficient to establish standing under the plausibility standard of Rule 12(b)(6) and *Iqbal/Twombly.*" *Pruitt v. Resurgent Cap. Servs., LP*, 610 F. Supp. 3d 775, 779 (D. Md. 2022) (citing *Allah-Mensah v. Law Office of Patrick M. Connelly, P.C.*, Civ. No. PX-16-1053, 2016 WL 6803775, at *2 (D. Md. Nov. 17, 2016)).

### B. Pleading Fraud with Particularity

A claim alleging fraud is subject to Fed. R. Civ. P. ("Rule") 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Rule 9(b); *see also Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999). To satisfy the heightened pleading standard set forth in Rule 9(b), a plaintiff "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison*, *supra,* 176 F.3d at 784). In other words, a plaintiff must plead the "who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and

citations omitted); *see also U.S. ex rel. Palmieri v. Alpharma, Inc.*, 928 F.Supp.2d 840, 853 (D.Md. 2013).

The purpose of Rule 9(b) is "to prevent frivolous suits, stop fraud actions where everything is learned after discovery (i.e., fishing expeditions), and to protect defendants' reputations." *U.S. ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 195 (4th Cir. 2022). However, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied: (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial; and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.* (internal quotation marks omitted) (quoting *Harrison*, supra, 176 F.3d at 784).

### C. Consideration of Affirmative Defenses

A court ordinarily does not consider an affirmative defense such as a statute of limitations when a motion is filed pursuant to Rule 12(b)(6). *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). In other words, a court may exercise its discretion and consider a statute of limitations defense if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint.*" *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993)).

### III. DISCUSSION

#### A. Parties' Arguments

Defendant argues that Count V must be dismissed because: (1) it is time barred by Maryland's three-year statute of limitations; (2) Plaintiff failed to plausibly state a claim for

6

fraudulent inducement under Rule 8(a); (3) Plaintiff failed to adequately plead fraud as required by the heightened pleading standard of Rule 9(b); and (4) Plaintiff lacks standing to advance this claim. (Motion, pp. 5-15).

Plaintiff opposes the motion on the following grounds: (1) the fraudulent inducement count is not time barred because Plaintiff first learned in December 2022 that Defendant did not have the necessary permits for Plaintiff to open the Salon, thus the statute of limitations does not run until December 2025; (2) Plaintiff pleaded a plausible fraudulent inducement claim under Rule 8(a); (3) Plaintiff pleaded facts with particularity to satisfy the heightened Rule 9(b) pleading standard; and (4) Plaintiff has standing to pursue this claim because he is a third-party beneficiary of the Lease. (Opposition, pp. 8-14).

As an initial matter, the Court must first determine whether Plaintiff has standing to assert a fraudulent inducement claim. *See O'Connell v. City of New Bern, N. Carolina*, 353 F. Supp. 3d 423, 428 (E.D.N.C. 2018) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)) ("It is well established that standing is a threshold jurisdictional issue that must be determined first because '[w]ithout jurisdiction the court cannot proceed at all in any cause'").

B. Standing

   1. Arguments

Defendant argues that Plaintiff does not have standing to bring Count V because the right to advance a fraudulent inducement claim belongs to the corporate entity that is the party to the lease, not to the Plaintiff. (Motion, p. 14).[6] In response, Plaintiff argues that although his company

---

[6] Defendant asserts that it attached the Lease to the Motion, but failed to do so. Because there is no document for the Court to analyze to determine whether it is integral to the Complaint, *see Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016), the Court construes the facts as pleaded in the Complaint in the light most favorable to Plaintiff.

7

is the named party on the lease with Defendant, Plaintiff has standing because he may easily be deemed a third-party beneficiary to the lease as the sole owner of the Salon. Plaintiff also avers that he has standing to bring the claim against Defendant because it is a claim that sounds in tort. Although not entirely clear, the Court believes that Plaintiff is arguing that he has standing as a third party beneficiary to bring a tort claim against Defendant, but [does not have standing to bring a breach of contract claim. (Opposition, p. 13).

In the Reply, Defendant argues that "because a breach of contract claim is not in question, Plaintiff's argument regarding whether Mr. Hoang constitutes a third-party beneficiary is inapplicable and irrelevant." (Reply pp. 6-8).

2. *Analysis*

In federal court, a plaintiff bears the burden of demonstrating that he has standing to pursue his claims. *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183, 188 (4th Cir. 2018).

The standing doctrine has two facets: Article III standing (Constitutional standing), which implicates the jurisdiction of the federal courts, and prudential standing, "which embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'" *Dwyer v. Zuccari*, Civ. No. RDB-19-1272, 2020 WL 1308282, at *8 (D. Md. Mar. 19, 2020) (quoting *United States v. Windsor*, 570 U.S. 744, 757, 133 S. Ct. 2675 (2013)). The doctrine of prudential standing "encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" *Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 753 (4th Cir. 2013) (quoting *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12, 124 S.Ct. 2301, (2004)).

In addition, "constitutional standing," a concept related to subject-matter jurisdiction, "generally falls under Rule 12(b)(1)[,] while prudential standing is properly addressed under Rule 12(b)(6)." *Harris v. Wells Fargo Corp. Off. Headquarters, HQ*, Civ. No. GJH-22-00580, 2023 WL 155244, at *2 (D. Md. Jan. 11, 2023) (quoting *Soderberg v. Pierson*, Civ. No. RDB-19-1559, 2020 WL 206619, at *5 (D. Md. Jan. 14, 2020)).

As set forth below, the Court finds that Defendant properly raised the issue of standing under Rule 12(b)(6), and the Court will address Defendant's arguments under that standard. *See Harris*, 2023 WL 155244, at *2.

"Prudential standing consists of judicially[-]imposed limits on the classes of persons who may invoke [a] federal court[']s decisional and remedial powers." *Harris*, 2023 WL 155244, at *2 (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Among these limitations is the principle that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id*.

In addition, under Maryland law, "a lawsuit to recover damages for an injury to the corporation 'can be brought only in the name of the corporation ... and not by an individual stockholder.'" *Dwyer*, 2020 WL 1308282, at *8 (quoting *Oliveira v. Sugarman*, 451 Md. 208, 240, 152 A.3d 728 (2017)); *see also Smith Setzer & Sons, Inc. v. S.C. Procurement Rev. Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994) ("It is considered a 'fundamental rule' that '[a] shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation'") (quoting *Jones v. Niagara Frontier Transp. Auth.,* 836 F.2d 731 (2d Cir.1987), *cert. denied,* 488 U.S. 825, 109 S.Ct. 74 (1988)); *Seton v. William Council*, Civ. No. DKC-06-1246, 2008 WL 11509636 (D. Md. Aug. 12, 2008)).

Applying the aforementioned standards here, even when viewing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to plead with sufficient particularity enough facts to demonstrate that he has standing to bring a fraudulent inducement claim against Defendant.

As a preliminary matter, Plaintiff did not attach the Lease to the Complaint and, as found earlier, no copy of the Lease was provided to the Court. However, construing the allegations in the Complaint in Plaintiff's favor, Plaintiff executed the lease on behalf of his company, rather than in his personal capacity. The Complaint relates to Defendant's alleged inducement of Plaintiff "to execute a lease for *commercial space* at Iverson Mall" and the harm resulting from Plaintiff's inability to "obtain the necessary business license to legally operate his [business, the] Salon[,] in the commercially leased space in Iverson Mall." (Complaint, ¶¶ 24, 25) (emphasis added). In addition, Plaintiff alleges damages flowing from his role as owner of the Salon; in other words, Plaintiff alleges financial harm resulted (in the form of loss profits and business opportunities). *See* Complaint, ¶ 27 ("arbitrary and discriminatory policy that prohibited small minority business owners like [Plaintiff] from lawfully transacting business at Iverson Mall"); *see also* Complaint, ¶ 229 ("From the operations of the Hair & Nail Salon business at Iverson Mall, [Plaintiff] anticipated receiving gross revenues of $700,000 in 2019; $1,500,000 in 2020; $1,575,000 in 2021; and $1,653,750 in 2022"); *see also* Complaint, ¶ 33 ("Because [Plaintiff] was unable to lawfully open his business due to the lack of a U&O permit, he was ineligible to receive any of the small business loans, grants, or other benefits offered by the Small Business Administration"). Accordingly, when reading the Complaint as a whole and construing the facts in Plaintiff's favor, the Court finds that the Salon, not Plaintiff, was a party to the lease with the Defendant.[7]

---

[7] Indeed, Plaintiff concedes that the lease was not in his name, but rather in his company's name. *See* Opposition, p. 13 ("AWE is correct in that the named parties to the lease are VIP Nails & Day Spa and AWE").

Next, because the Salon is a party to the lease with the Defendant, the Court finds that Plaintiff, as an individual, lacks prudential standing to bring a suit for losses sustained on behalf of his company. *See Dwyer*, 2020 WL 1308282, at *9 ("Under the shareholder standing rule, only CFG can sue for an injury it has suffered, even if the injury ultimately redounds to its sole shareholder"); *see also Matthews v. HSBC Bank USA*, Civ. No. LMBTRJ-114-810, 2014 WL 12538173, at *1 (E.D. Va. July 25, 2014) ("Even if [plaintiff] has suffered personal damage as a consequence of any damage to [his company], he has no standing to state a claim for those damages") (citation omitted); *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 348 (4th Cir. 2013) ("Because the [plaintiffs] have no rights under any of these contracts, they cannot bring … claims with respect to them, even though they may have personally suffered injury as a consequence"); *Orgain v. City of Salisbury*, 521 F. Supp. 2d 465, 476 (D. Md. 2007), *aff'd in part sub nom. Orgain v. City of Salisbury, Md.*, 305 F. App'x 90 (4th Cir. 2008) ("They lack standing, however, to claim damages for losses suffered by the nightclub, which is owned by a LLC, M31 Andromeda. The latter claims belong to the LLC, which has standing to assert them").

In sum, as a matter of law, Count V is dismissed with prejudice due to lack of prudential standing. *See Dwyer*, 2020 WL 1308282, at *9 (dismissal with prejudice where plaintiff lacks prudential standing). Accordingly, the Motion is granted on this issue.

### C. Statute of Limitations

Even assuming *arguendo* that the proper party, Plaintiff's company, had initiated suit against the Defendant, the Court would still grant the Motion because Count V is time barred by the statute of limitations.

Under Maryland law, the statute of limitations for a fraud claim is three years unless otherwise specified. *Donnelly v. Rosas*, Civ. No. RDB-17-1486, 2018 WL 3862233, at *4 (D. Md.

Aug. 14, 2018) (citing Md. Code Ann., Cts. And Jud. Proc. § 5-101). To determine when the three years begins, Maryland recognizes the "discovery rule" which holds that "a cause of action accrues when a plaintiff in fact knows or reasonably should know of the wrong." *Id.* (quoting *Duffy v. CBS Corporation*, 458 Md. 206, 231, 182 A.3d 166 (Md. 2018)).

As stated above, when construing the facts in the light most favorable to Plaintiff, Plaintiff's fraudulent inducement claim arises from the Defendant's actions in inducing Plaintiff to execute a commercial lease, which had as a feature the accrual of daily fees for each day that the Salon was not open. According to Plaintiff, Defendant so acted despite knowing that Plaintiff would be unable to obtain the necessary permits to operate the Salon. (*Id.*, ¶¶ 25, 66-69). Plaintiff alleges that DPIE informed him in September 2019, December 2019, March 2020, and April 2021 that it could not issue his approved U&O permit due to Defendant's lack of permits. (*Id.*, ¶¶ 18, 21). Thus, even when viewing the facts in his favor, the Court finds that Plaintiff had actual notice of Defendant's fraudulent conduct as early as September 2019. Therefore, the statute of limitations expired in September 2022. Accordingly, the Court finds unavailing Plaintiff's argument that December 2022—when he learned that DPIE was selectively granting temporary U&O permits to certain businesses at Iverson Mall—marks the first date that is relevant for computing when the statute of limitations would expire.

Because Plaintiff did not file the Complaint until May 15, 2023, Plaintiff filed suit outside of the three-year limitations period for initiating a fraudulent inducement claim. Accordingly, Count V is also dismissed with prejudice on this issue. *Jones v. Nationstar Mortg. LLC*, Civ. No. DLB-23-1316, 2023 WL 6381493, at *4 (D. Md. Sept. 29, 2023) (dismissal with prejudice where fraudulent inducement claim is filed after statute of limitations).

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**.

Count V is **DISMISSED WITH PREJUDICE**.

A separate Order will follow.


Dated: September 5, 2024

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge
